THOMAS B. FROME et al.

v.

THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY
OF WARREN.

An injunction will not be dissolved merely because the complainant, in his
bill, has unintentionally misstated some of the facts on which his claim to
relief is founded, such misstatements not affecting the merits.

Bill for relief.  Motion to dissolve injunction.  On bill, answer
and affidavits.

*Mr. N. Harris* and *Mr. J. G. Shipman,* for the motion.

*Mr. L. De Witt Taylor, contra.*

THE CHANCELLOR.

The bill is filed for relief against a judgment at law, recovered
by the defendants against the complainants, Thomas P. Frome,
John F. Van Sickle and William P. Hance, and Robert P. Ram-
say, now deceased, on the 31st of December, 1879, in the Warren
circuit court, upon a bond given by the defendants in the judg-
ment to the defendants in this suit in May, 1877, with, and as
sureties for Samuel Frome, on his official bond, as steward of the
Warren county poor-house.  His term of office, in respect to
which the bond was given, was one year from the 12th of May,
1877.  The condition of the bond appears to have been that he
should faithfully perform his duties as such steward, and render
a true account of the property and money of the establishment
which might come to his hands or possession.  The bill alleges
that the judgment was recovered not on that bond (as to which,
and the suit brought by the defendants in this suit thereon, the
bill is silent), but on an alleged like official bond said to have
been given by the same persons with, and as sureties for, Frome,

as steward for the year beginning May 12th, 1876. The complainants deny that any such bond as that last mentioned was ever given, and allege that when suit was brought upon such alleged bond, Frome undertook to attend to their defence in the action for them, and employ counsel for them accordingly. The bill·was evidently based on the supposition that the judgment was entered in that suit, but it appears by the answer that it was not, but was founded on the bond given in May, 1877, upon which suit was brought at the same time and in the same court as on the other bond said to have been given for the year next preceding. It is not only not claimed by the answer or by defendants counsel in argument, that the sureties were liable under the bond given for the year commencing May 12th, 1877, for default in accounting for money received in the year next preceding, but the contrary is conceded, and yet it appears very clearly that the judgment was entered for default, in accounting for money received from one John F. McClellan, in February, 1877, and therefore within the preceding official year. The declaration in the suit, according to the answer, alleged for breach, Frome's failure to account for money received by him between the 11th of May, 1877, and the 12th of May, 1878. The suit brought on the bond alleged to have been given in May, 1876, was discontinued, and the other was proceeded in. An attorney appeared in the latter suit, for the principal and sureties, and pleaded for them, and there was a trial, by consent, before the judge, without a jury (a jury being waived), and judgment was entered for a sum agreed upon between the plaintiffs in the suit and the attorney for the defendants therein. The answer also alleges that a rule to show cause why the judgment should not be opened was taken in behalf of the defendants in that suit, or some of them, and was discharged because it was not pursued. But it appears by the answer that the rule was taken, on the supposition that the judgment had been entered on the alleged bond of May, 1876, which the answer says was not true. The complainants insist that the attorney who appeared for the defendants in the action, which was prosecuted to judgment, was not retained by them therein, and had no authority to consent to

a judgment, and that the amount of the judgment was the result, not of a trial, but a settlement between the plaintiffs in the action and Frome, to which the sureties were not a party, and by which they were not bound. If the answer is true, the whole history of the case is not set forth in the bill, and the bill is founded on a false supposition as to the basis of the judgment, but if so, there is no evidence that there was any intentional concealment or suppression. The case is one in which the injunction should be retained till the final hearing. The motion, therefore, will be denied, but without costs.